**12 CV 3788**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUDY COLON, individually and on behalf of others similarly situated,

        Plaintiff,

    -against-

MAJOR PERRY STREET CORP., MAJOR 10TH STREET REALTY CORP., M&E E 52 BARROW LLC, M&E CHRISTOPHER LLC, CROMAN REAL ESTATE, INC., CROMAN FAMILY ASSOCIATES, LLC, YESENIA CAMILO and STEVEN CROMAN

        Defendants.

---

Case No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Collective Action and Class Action Complaint



RECEIVED
MAY 11 2012
U.S.D.C. S.D. N.Y.
CASHIERS

---

Plaintiff RUDY COLON (the "Named Plaintiff") individually and on behalf of others similarly situated by and through his attorneys, LIANE FISHER LAW PLLC, alleges against Defendants MAJOR PERRY STREET CORP. ("Perry"), MAJOR 10th STREET REALTY CORP. ("10th Street"), M&E E 52 BARROW LLC ("Barrow"), M&E CHRISTOPHER LLC ("Christopher"), CROMAN REAL ESTATE, INC. ("Croman Real Estate"), CROMAN FAMILY ASSOCIATES, LLC ("Croman Family")(collectively, the "Corporate Defendants"), YESENIA CAMILO ("Camilo") and STEVEN CROMAN ("Croman")(collectively, the "Individual Defendants")(the Corporate Defendants and the Individual Defendants are collectively known as the "Defendants") as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law

claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.    Upon information and belief, Defendant Perry is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

4.    Upon information and belief, Defendant Christopher is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

5.    Upon information and belief, Defendant Barrow is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

6.    Upon information and belief, Defendant 10th Street is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

7.     Upon information and belief, Defendant Croman Family is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

8.     Upon information and belief, Defendant Croman Real Estate is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 611 Broadway, New York, New York 10012.

9.     Upon information and belief, at all times relevant hereto, each of the Corporate Defendants has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

10.    Defendant Camilo resides in the State of New York and is an employee of the Corporate Defendants.

11.    Defendant Croman resides in the State of New York and owns and operates the Corporate Defendants.

12.    Defendant Croman, through various corporations, owns and operates approximately several buildings in the State of New York.

13.    Upon information and belief, Defendant Croman oversees the management of each of his companies, including the Corporate Defendants.

14.    Defendant Croman frequently inspected the buildings at which the Named Plaintiff worked.

3

15.     The Corporate Defendants, along with the corporations owned and operated by Defendant Croman, engage in related activities, namely the business of owning and managing residential and commercial properties in the New York City area. They share employees, including the Named Plaintiff and others similarly situated, operated from substantially the same location, act in the interest of each other with respect to employees, pay their employees by the same method, share control over the employees, and are themselves under the common control of the Individual Defendants.

16.     Christopher, Barrow, 10th Street, and Perry each paid the Named Plaintiff his wages each month.

17.     Upon information and belief, each of the Corporate Defendants' similarly situated employees were paid by, and worked for, more than one of Defendant Croman's companies.

18.     Defendant Camilo was and is an employee of the various Corporate Defendants.

19.     Defendant Camilo promoted the Named Plaintiff to his position as superintendant, set his rate of pay, provided him with his wages, and fired him.

20.     Plaintiff Colon is an adult individual residing in Bronx, New York, who has been employed by Defendants to work as a superintendent at various buildings in the West Village neighborhood in Manhattan within the last six (6) years. These buildings were located at 110 Bedford Street, 120 Christopher Street, 118 Christopher Street, 273 West 10th Street, 95 Perry Street, and 62 Barrow Street (the "Buildings").

21.     Prior to working as a superintendent, Plaintiff Colon worked as handyman, primarily performing maintenance work.

22.     The Individual Defendants are natural persons engaged in business in the City and County of New York, who are sued individually in their capacity as owners, officers, employees, and/or agents of the Corporate Defendants.

23.     Defendant Croman exercises sufficient operational control over the Corporate Defendants' operations to be considered the Named Plaintiff's employer under the Fair Labor Standards Act ("FLSA") and New York State law ("NYLL").

24.     At all relevant times, all Defendants have been the Named Plaintiff's employer within the meaning of the FLSA and NYLL.  Defendants had the power to hire and fire the Named Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his services.

## NATURE OF THE ACTION

25.     The Named Plaintiff brings this action on behalf of (a) himself and other similarly situated employees who have worked for the Defendants on or after the date that is six (6) years before the filing of the instant Complaint (collectively the "Plaintiffs") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"); and (b) himself pursuant to New York Labor Law ("NYLL") § 650 *et seq.*, and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 137 *et seq.*), based upon the following acts and/or omissions which Defendants committed intentionally and willfully, with knowledge that they were violating federal and state laws and that the Plaintiffs would be economically injured:

5

 i. Defendants' failure to compensate Plaintiffs for all hours worked at the statutory minimum wage as required by federal and state law and regulations;

 ii. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs who worked in excess of forty (40) hours per week;

 iii. Defendants' failure to compensate Plaintiffs for an additional hour of work on days that their spread of hours exceeded ten (10) hours as required by the NYLL;

 iv. Defendants' failure to pay Plaintiffs within two weeks of the completion of their workweek as required by NYLL § 191(d).

26. Liquidated damages are sought in an amount equal to one hundred percent (100%) of the total amount of wages owed to Plaintiffs, pursuant to 29 U.S.C. § 216.

27. Liquidated damages are sought in an amount equal to one hundred percent (100%) of the total amount of wages owed to Plaintiffs, pursuant to NYLL § 663.

28. The Named Plaintiff also brings claims for unlawful termination under the FLSA, 29 U.S.C. § 215(a), and NYLL § 215(1)(a)(i).

29. Pursuant to § 215 of the New York Labor Law, the Named Plaintiff has served a copy of the Complaint on the New York State Attorney General's Office.

## FACT ALLEGATIONS

### *Defendants' Wage and Hour Violations*

30. The minimum wage under New York State law was $7.15 per hour from January 1, 2007 to July 23, 2009. From July 24, 2009 to present, the New York State minimum wage has been $7.25 per hour.

31.     The federal minimum wage from July 24, 2007 to July 23, 2008 was $5.85 per hour.  On July 24, 2008, the federal minimum wage increased to $6.55 per hour.  From July 24, 2009 to present, the federal minimum wage has been $7.25 per hour.

32.     At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

33.     Defendants have failed to compensate Plaintiffs for every hour they have worked at the statutory minimum wage.  Defendants have compensated Plaintiffs for only a small portion of the hours they actually worked.

34.     Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and state law and regulations to Plaintiffs who worked in excess of forty (40) hours per week.

35.     Plaintiffs frequently worked a span of hours that exceeded ten (10) hours in a single day.  Defendants have never compensated Plaintiffs for an additional hour of work on the days that their spread of hours has exceeded 10 hours.

36.     The Named Plaintiff worked as a handyman from summer of 2008 through October 2010.

37.     The Named Plaintiff earned $600 per week as a handyman.

38.     During this time period, the Named Plaintiff infrequently worked more than 40 hours a week.  When he did work in excess of 40 hours, however, he was not paid anything at all for the hours worked in excess of 40.

7

39.     In October 2010, the Named Plaintiff was promoted to superintendent, a position he held until February 29, 2012, when he was summarily terminated.

40.     Upon his promotion, the Defendants agreed to pay the Named Plaintiff $500 a week and to provide him with lodging at one of the Buildings.

41.     In exchange for the salary, the Named Plaintiff agreed to provide services as a superintendent of the Buildings, which included, but was not limited to, the following tasks and duties: removing garbage and recycling, cleaning the common areas and exterior of the Buildings, repairing fixtures in apartments and in the common area, and other tasks and duties consistent with his position.

42.     The Named Plaintiff regularly worked the following hours:

(a) Monday – from 7:00 am through between 12:00 am and 1:00 am

(b) Tuesday – from 7:00 am through between 8:00 pm and 10:00 pm

(c) Wednesday – from 7:00 am through between 7:00 pm and 11:00 pm

(d) Thursday – from 7:00 am through between 5:00 pm and 7:00 pm

(e) Friday – from 7:00 am through between 8:00 pm and 10:00 pm

(f) Saturday – 9:00 am through between 6:00 pm and 7:00 pm

(g) Sunday – 9:00 am through between 3:30 pm and 4:00 pm

43.     The Named Plaintiff regularly worked between 78.5 and 93 hours each week.

44.     Nevertheless, the Named Plaintiff was never paid more than $2,000 a month no matter how many hour he worked during that month.

45.     Defendants never paid him anything for the hours he worked in excess of 40, either at his regular rate or overtime rate.

46.     Even when the Named Plaintiff was not officially working, he was always on-call and had to answer calls from Defendant Camilo no matter what time of day or night.

47.     Defendant Camilo specifically informed him that he was on-call 7 days a week, 24 hours a day.

48.     In order to ensure that the Named Plaintiff would always be available to perform work no matter the time of day, the Defendants required him to live in the apartment they provided for him at 110 Bedford Street.

49.     The Named Plaintiff always had to inform Defendant Camilo whenever he left the Buildings for personal reasons.

50.     Indeed, if he received a call regarding work to be performed at the Buildings, he needed to immediately return to the Buildings no matter what day or time.

51.     As such, the Named Plaintiff was never able to take a vacation, even on weekends, and always had to be available at the Buildings.

52.     Although his agreement with the Corporate Defendants called for him to be paid $500 a week, and therefore $26,000 annually, the Named Plaintiff was always paid $2,000 a month, and received $24,000 annually.

53.     Because of the sheer volume of work, the Named Plaintiff had to hire other individuals, paid out of his own pay, to help him perform the work.

54. The Named Plaintiff regularly complained to Defendant Camilo that he had too much work to do and that he had to hire people out of his own pocket.

55. Defendant Camilo acknowledged the difficulties the Named Plaintiff faced, but told him that it was his problem and that he needed to finish the work no matter how much time it took.

56. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

57. Indeed, upon information and belief, Defendants intentionally paid the Named Plaintiff from various companies in order to avoid paying him overtime pay.

## COLLECTIVE ACTION ALLEGATIONS

58. Defendants' conduct extended beyond the Named Plaintiff to all other similarly situated employees.

59. The Named Plaintiff seek certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b) (collectively the "Plaintiffs.")

60. The consent to sue forms for the Named Plaintiff is attached hereto as Exhibit "1."

61. Upon information and belief, there are over 100 current and former superintendents, maintenance workers, and workers performing similar tasks and duties that are similarly situated to the Named Plaintiff and who have been denied minimum wage and overtime compensation while working for Defendants.

62. At all relevant times, the Named Plaintiff and others similarly situated who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay them statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. The claims of the Named Plaintiff stated herein are similar to those of the other employees.

63. In bringing this action, the Named Plaintiff is representative of and is acting on behalf of the interests of other current and former employees who have worked for Defendants within the last six (6) years.

64. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

65. Unless the Court promptly issues such notice, persons similarly situated to the Named Plaintiff, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

66. Unless the Court promptly issues such notice, persons similarly situated to the Named Plaintiff, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

67.     The Named Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Corporate Defendants as maintenance workers, superintendants and other workers performing similar tasks and duties, but who did not receive compensation required by the NYLL and state wage orders codified in 12 N.Y.C.R.R. §137-143 in respect to their work for the Defendants.

68.     Upon information and belief, this class of persons consists of not less than 100 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

69.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of the Named Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirement of the NYLL and state wage orders codified in 12 N.Y.C.R.R. §137-143.

70.     The claims of the Named Plaintiff is typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

71.     The Named Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

72.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

73.     The Named Plaintiff brings the third through the sixth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that the Named Plaintiff and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL and the state wage orders codified in 12 N.Y.C.R.R. §137-143.

## FIRST CLAIM FOR RELIEF
### (Minimum Wage Violations under the FLSA as to all Plaintiffs)

74.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

75.     At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

76.     Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

77.     At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs.  Defendants have had the power to hire and fire Plaintiffs, control their terms and conditions of employment and determine the rate and method of any compensation in exchange for their employment.

78.     The Corporate Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

79.     Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

13

80.    Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiffs the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

81.    Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA as to all Plaintiffs)

82.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

83.    At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

84.    Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

85.    At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs. Defendants have had the power to hire and fire Plaintiffs, control their terms and conditions of employment and determine the rate and method of any compensation in exchange for their employment.

86.    The Corporate Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

87.     Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

88.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

89.     Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (Minimum Wage Violations under NYLL as to the Named Plaintiff)

90.     The Named Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

91.     At all relevant times hereto, Defendants have been the Named Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

92.     Defendants knowingly and willfully paid the Named Plaintiff less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

93.     Defendants' failure to pay the Named Plaintiff minimum wage has been willful within the meaning of the NYLL § 663.

94.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, the Named Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL as to the Named Plaintiff)

95.     The Named Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

96.     At all relevant times hereto, Defendants have been the Named Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

97.     New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

98.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay the Named Plaintiff at the required overtime rates, one and a half times his regular rate of pay, for hours worked in excess of forty (40) per workweek.

99.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, the Named Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages

and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Spread of Hours Violations as to the Named Plaintiff)

100. The Named Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

101. At all relevant times hereto, Defendants have been the Named Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

102. The Named Plaintiff regularly worked more than ten (10) hours in a workday.

103. Defendants willfully and intentionally failed to compensate the Named Plaintiff for one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

104. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, the Named Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (Failure to Pay Timely Wages in Violation of the NYLL as to the Named Plaintiff)

105. The Named Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

106.    At all relevant times hereto, Defendants have been the Named Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

107.    New York State labor law § 191 requires that an employee be paid no less frequently than every two weeks.

108.    Defendants unlawfully paid the Named Plaintiff no more frequently than once a month.

109.    Defendants willfully and intentionally made these untimely payments in violation of the NYLL and supporting Department of Labor Regulations.

110.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, the Named Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (New York Labor Law Retaliation to the Named Plaintiff)

111.    The Named Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

112.    At all relevant times hereto, Defendants have been the Named Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

113.    New York State labor law § 215 prohibits an employer from terminating or disciplining an employee "because such employee has made a complaint to his or her

employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter . . . ."

114. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against the Named Plaintiff for making a complaint to his employer regarding a violation of the NYLL.

115. The Named Plaintiff seeks, on this claim for relief, reinstatement to his former position, payment of lost compensation, damages, including liquidated damages, prejudgment interest, and attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
### (FLSA Retaliation to the Named Plaintiff)

116. The Named Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

117. 29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

118. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against the Named Plaintiff for making a complaint to his employer regarding a violation of the FLSA.

119. The Named Plaintiff seeks, on this claim for relief, reinstatement to his former position, payment of lost compensation, damages, including liquidated damages, attorneys' fees and costs and prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiff respectfully requests that this Court enter judgment:

A. Awarding on Plaintiffs' First and Second Claims for Relief:

a. A designation of this action as a collective action and authorization of prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b. A declaration that Defendants have violated the minimum wage requirements of the FLSA as to the Named Plaintiff and prospective collective class members;

c. A declaration that Defendants have violated the overtime wage requirements of the FLSA as to the Named Plaintiff and prospective collective class members;

d. A declaration that Defendants' violations of the provisions of the FLSA were willful as to the Named Plaintiff and prospective class members;

e. Damages for the amount of unpaid minimum and overtime wages under the FLSA;

f. Liquidated damages in an amount equal to the unpaid minimum and overtime wages, pursuant to 29 U.S.C. § 216;

g. Expenses incurred in this action, including costs and attorneys' fees; and

h. Such other and further legal and equitable relief as the Court deems just and proper.

B. <u>Awarding on the Named Plaintiff's Third, Fourth, Fifth, and Sixth Claims for Relief:</u>

a. A declaration that Defendants have violated the minimum wage requirements of the NYLL and Wage Order as to the Named Plaintiff;

b. A declaration that Defendants have violated the overtime wage requirements of the NYLL and Wage Order as to the Named Plaintiff;

c. A declaration that Defendants have violated the spread of hours requirements of the NYLL and Wage Order as to the Named Plaintiff;

d. A declaration that Defendants have violated New York State labor law § 191 as to the Named Plaintiff;

e. A declaration that Defendants' violations of the provisions of the NYLL and supporting regulations were willful as to the Named Plaintiff;

f. Damages for the amount of unpaid wages owed to Plaintiffs under the NYLL;

g. Certification of a class under Fed.R.Civ.P.23(b)(3).

h. Liquidated damages in an amount equal to 100% of the total amount of unpaid wages owed to Plaintiffs, pursuant to NYLL § 663;

i. Prejudgment interest;

j. Expenses incurred in this action, including costs and attorneys' fees; and

k. Such other and further legal and equitable relief as the Court deems just and proper

C. <u>Awarding on the Named Plaintiff's Seventh Claim for Relief:</u>

Back pay, prejudgment interest, front pay and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

a. Compensatory damages;

b. Reinstatement to his former position;

c.  Liquidated damages;

d.  Prejudgment interest;

e.  Expenses incurred in this action, including costs and attorneys' fees; and

f.  Any other relief the Court deems just and proper.

D.  <u>Awarding on the Named Plaintiff's Eighth Claim for Relief</u>:

a.  Back pay, prejudgment interest, front pay and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

b.  Compensatory damages;

c.  Reinstatement to his former position;

d.  Liquidated damages;

e.  Prejudgment interest;

f.  Expenses incurred in this action, including costs and attorneys' fees; and

g.  Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Named Plaintiff hereby demand a jury trial on all claims for relief to which they have a right to jury trial.

Dated: May 11, 2012
New York, New York

Respectfully submitted,

Liane Fisher (LF5708)
LIANE FISHER LAW PLLC
233 Broadway, Suite 1800
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 406-2313
*ATTORNEYS FOR PLAINTIFF*

22

# EXHIBIT 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I, RUDY COLON, am an individual who was formerly employed by MAJOR PERRY STREET CORP., MAJOR 10TH STREET REALTY CORP., M&E E 52 BARROW LLC, M&E CHRISTOPHER LLC, CROMAN REAL ESTATE, INC., CROMAN FAMILY ASSOCIATES, LLC, YESENIA CAMILO and STEVEN CROMAN and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.


_Rudy Colon_
SIGNATURE


_05/08/12_
DATE