UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDY COLON, GABRIEL ORTIZ, ALEN BALIC, SAMIRKA BALIC, SIERRA SANTANELLI, PEDRO ORTIZ, CARLOS SOSA, JOSE VALENTIN and ARCENI FELIZ individually and on behalf of others similarly situated,

    Plaintiffs,

-against-

MAJOR PERRY STREET CORP., MAJOR 10TH STREET REALTY CORP., M&E E 52 BARROW LLC, MAJOR LEROY CORP., MAJOR MOTT ST. CORP., 358 W 51 LLC, 9300 REALTY MANAGEMENT INC., M&E CHRISTOPHER LLC, CROMAN REAL ESTATE, INC., CROMAN FAMILY ASSOCIATES, LLC, and STEVEN CROMAN

    Defendants.

Case No.: 12-CV-3788(JPO)(MHD)



7/27/15

**FINAL ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND THE FLSA SETTLEMENTS, AND GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND FOR SERVICE AWARDS**

WHEREAS, on May 26, 2015, the Court entered an Order (the "Preliminary Approval Order") preliminarily approving the Joint Stipulation of Settlement and Release, together with the Supplemental Stipulation of Settlement (collectively, the "Settlement Agreement")[1] and authorizing dissemination of notice (the "Notice") to the Class (Dkt. No. 111);

---

[1] This Final Approval Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined.

1

WHEREAS, Plaintiffs' counsel, Serrins Fisher LLP, thereafter mailed the court-approved Notice to all Class Members (Declaration of Michael Taubenfeld, Esq. in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"), dated July 20, 2015 ("Taubenfeld Dec.") (Dkt. No. 114, at ¶38);

WHEREAS, no Class Member has opted out or objected to the Settlement (Taubenfeld Decl. at ¶40;

WHEREAS, plaintiff Jose Felipe, who opted in to the initial FLSA collective action, through separate counsel, also reached a settlement of any and all individual (including FLSA) claims he might have against any of the Defendants or their related or affiliated entities, dated as of July 13, 2015 ("Felipe Stipulation of Settlement");

WHEREAS, Plaintiffs (including Felipe) filed their Motion for Final Approval on July 20, 2015 (Dkt. No. 112);

WHEREAS, while they deny all of the allegations made by the Plaintiffs (including any allegations that were or could have been asserted by Felipe) in the Litigation and without admitting any liability or damages, Defendants have not opposed any of the motions Plaintiffs have submitted in support of final approval of the settlement;

WHEREAS, the Settlement Agreement creates five (5) settlement funds totaling $625,000, for payments to be made to the Named Plaintiffs, the Class Members, and for attorneys' fees and costs;

WHEREAS, under the Settlement Agreement, the portion of the settlement attributed to the Named Plaintiffs is $300,000;

WHEREAS, under the Settlement Agreement, the portion of the settlement attributed to the three classes is $106,236.69;

2

WHEREAS, under the Settlement Agreement, the portion of the settlement attributed to Named Plaintiffs Rudy Colon and Alen Balic as service fees for being class representatives is $1,500;

WHEREAS, under the Settlement Agreement, the portion of the settlement attributed to attorneys' fees and costs for the Serrins Fisher firm as Class Counsel is $217,263.31;

WHEREAS, under the Felipe Stipulation of Settlement, Felipe will be paid the amount of $7,500.00 in full settlement of any and all individual (including FLSA) claims he has or might have;

WHEREAS, the Court, having consent jurisdiction over this matter pursuant to 28 U.S.C. § 636(c)(Dkt. No. 117 ), held a fairness hearing on July 22, 2015 (the "Fairness Hearing"); and

WHEREAS, the Court has considered the Motion for Final Approval; the supporting memorandum of law, the Taubenfeld Declaration and the exhibits thereto, and all other papers submitted in connection with Plaintiffs' Motion for Final Approval, oral argument presented at the Fairness Hearing and the complete record in this matter; for the reasons set forth therein and stated on the record at the Fairness Hearing, and for good cause shown;

**IT IS HEREBY ORDERED as follows:**

**Certification of the Settlement Class**

1. The Court certifies the following classes under Rule 23(e) of the Federal Rules of Civil Procedure for settlement purposes consistent with the Settlement Agreement:

> All building superintendents who were employed by Defendants during the period of August 2010, to July 2013, whom Defendants did not pay on a weekly basis, in accordance with NYLL § 191 ("NYLL § 191 Class");
>
> All building superintendents, maintenance workers and/or non-exempt office workers who were employed by Defendants between April 9, 2011, and December 31, 2014, and to whom Defendants did not provide a proper wage notice, in accordance with NYLL § 195(1) ("NYLL § 195(1) Class"); and

3

All building superintendents, maintenance workers, and other nonexempt employees who were employed by Defendants during the period of April 9, 2011, through July 1, 2013, and to whom Defendants did not provide a proper wage statement accompanying payment of compensation, in accordance with NYLL § 195(3) ("NYLL § 195(3) Class").

2. The Named Plaintiffs and the Class Members meet all of the requirements for class certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

3. The Named Plaintiffs and the Class Members satisfy Fed. R. Civ. P. 23(a)(1) because each Class exceeds 40 members and thus joinder is impracticable. There are 46 class members in the NYLL § 191 class, 95 members in the NYLL § 195(1) class, and 67 class members in the NYLL § 195(3) class.

4. The Named Plaintiffs and the Class Members satisfy Fed. R. Civ. P. 23(a)(2) because the members of each class share common issues of fact and law, including but not limited to whether Defendants complied with the New York Labor Law by timely paying their building superintendents and/or providing wage statements and proper wage notices to their employees.

5. The Named Plaintiffs and the Class Members satisfy Fed. R. Civ. P. 23(a)(3) because each Class Member's claim arises from the same course of events, such as working for Defendants and not receiving timely wages and/or proper wage notices or wage statements.

6. The Named Plaintiffs and the Class Members satisfy Fed. R. Civ. P. 23(a)(4) because there is no evidence that the Named Plaintiffs and the Class Members' interests are at odds. The following Named Plaintiffs are appointed class representatives:

4

| Class | Class Period | Proposed Class Representatives |
|---|---|---|
| NYLL § 191 Frequency of Payment Class | August 2010 to July 2013 | Rudy Colon, Alen Balic, Jose Valentin, Carlos Sosa, and Arceni Feliz |
| NYLL § 195(1) Wage Notice Class | April 9, 2011 through December 31, 2014 | Colon, Sierra Santanelli, Pedro Ortiz, Feliz, Valentin, and Sosa |
| NYLL § 195(3) Wage Statement Class | April 9, 2011 through July 1, 2013 | Colon, Santanelli, P. Ortiz, Feliz, Valentin, and Sosa |

They are adequate representatives of the proposed Class, and have fairly and adequately protected the interests of all Class Members.

7. In addition, the Named Plaintiffs and the Class Members satisfy Fed. R. Civ. P. 23(b)(3). The record before the Court demonstrates that common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members. In particular, all members of the Class are unified by common factual allegations. The NYLL § 191 Class alleges they were not paid timely wages. The NYLL § 195(1) and NYLL § 195(3) Classes all allege that they were not provided proper wage notice or wage statements. Moreover, class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for the Class Members, particularly those who lack the resources to bring their claims individually.

### Approval of the Class Settlement Agreement

8. The Court grants the Motion for Final Approval and approves the settlement and all terms set forth in the Settlement Agreement under Rule 23. In doing so, the Court finds that the settlement is both procedurally and substantively fair, reasonable, adequate, and not a product of collusion. It thus satisfies the criteria for settlement approval under Rule 23. See Fed. R. Civ. P. 23(e); Frank v. Eastman Kodak Co., 228 F.R.D. 174, 184 (W.D.N.Y. 2005) quoting Joel A. v.

5

Giuliani, 218 F.3d 132, 138-39 (2d Cir. 2000). In making these findings, the Court has evaluated the factors set forth in City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974), abrogated on other grounds by Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000), and determined that they support approval of the settlement.

9. The $106,236.69 settlement amount is substantial and includes meaningful payments to the Class Members. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience in litigating wage and hour class actions, and was reached only with the significant assistance of the Court. In addition, serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. See D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001)(citations omitted).

10. The Court also gives weight to the parties' judgment that the settlement is fair and reasonable, as well as the Class Members' response to the settlement (in that there were no objections or exclusions) and that 21% of Class Members returned Proof of Claim Forms.

**Dissemination of Notice**

11. Pursuant to the Court's Preliminary Approval Order, the Notice was sent by first-class mail to his or her last known address in English to English speaking Class Members and in Spanish to Spanish speaking Class Members. The Court finds that the Notice fairly and adequately advised the Class Members of the terms of the settlement, as well as the right of the Class Members to opt out of the class, to object to the settlement, and to appear at the fairness hearing conducted on July 22, 2015. Class Members were accordingly provided the best notice practicable under the circumstances. The Court further finds that the Notice and distribution of such Notice comported

with all constitutional requirements, including those of due process.

**Approval of FLSA Settlements**

12. The Court also finds that the settlement under the Fair Labor Standards Act ("FLSA") for the nine Named Plaintiffs totaling $300,000, and the settlement for any individual FLSA or other claims of Jose Felipe totaling $7,500.00, is fair and reasonable. Because the "proposed FLSA settlement reflects a reasonable compromise of contested issues, it should be approved." Meigel v. Flowers of the World, NYC, Inc., No. 11 CIV. 465 KBF, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012)(Forrest, J.). In addition, the Court's significant involvement in the settlement negotiations gives the Court further assurance that the FLSA settlements are fair and reasonable.

**Approval of Attorneys' Fees and Costs to Class Counsel**

13. On May 26, 2015, the Court appointed Serrins Fisher LLP, as Class Counsel because they met all of the requirements of Rule 23(g) of the Federal Rules of Civil Procedure. (Preliminary Approval Order at ¶12).

14. Class Counsel did substantial work identifying, investigating, prosecuting, and settling the Class Members' claims.

15. Class Counsel have significant experience prosecuting and settling wage and hour class actions, and are well-versed in both wage and hour and class action law.

16. Class Counsel were able to use their considerable expertise in the type of claims asserted in this action to achieve an excellent result for the Class in a highly efficient manner without the need for extensive additional litigation.

17. The attorneys' fees requested in Plaintiffs' Motion for Approval of Fees and

7

Reimbursement of Expenses (Dkt. No. 113) were entirely contingent upon success in this litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

18. Accordingly, the Court grants Plaintiffs' motion for attorneys' fees and reimbursement of expenses, and awards Class Counsel a third of the total settlement amount, or $208,125.00 as attorneys' fees to be paid from the settlement.

19. The Court finds that the amount of fees requested is fair and reasonable using the percentage-of-fund" method, which is consistent with the "trend in this Circuit." See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Given all of the circumstances of this case, Class Counsel's request for one-third of the entire settlement is reasonable and consistent with the norms of class and FLSA litigation in this Circuit. In making this finding, the Court has considered the factors set forth in the Second Circuit's decision in Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000). Further, the so-called "lodestar cross-check" further supports the award, given that the hours worked by Class Counsel result in a lodestar that is approximately the amount awarded. Id.

20. In particular, in engaging in a lodestar check, the Court finds reasonable the following rates for the below attorneys:

| Attorney | Rate |
|---|---|
| Liane Fisher | $450 |
| Alan Serrins | $550 |
| Michael Taubenfeld | $350 |
| Corey Stein | $125 |
| Jasmine Patel | $125 |
| Cybill Echegoyen | $100 |

21. The Court also finds that the hours were reasonably expended. Gonzalez v.

8

Scalinatella, Inc., No. 13CV3629 PKC MHD, 2015 WL 3757069, at *22 (S.D.N.Y. June 12, 2015).

22. The Court also approves Plaintiffs' costs of $8,929.98, which includes $2,000.00 that Defendants have already provided to Plaintiffs to manage the class settlement.

### Approval of Service Awards

23. The Court grants Plaintiffs' Motion for Approval of Service Awards and approves a $1,000.00 and $500.00 service awards, to be paid from the class settlement amount, for Named Plaintiffs Rudy Colon and Alen Balic respectively. These service awards are reasonable in light of the efforts these individuals expended in furthering the interests of the Class.

24. Such service awards are common in class action cases and are important to compensate plaintiffs such as those in this case for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by a plaintiff.

### Conclusion

25. Defendants shall provide all settlement payments consistent with the terms of the Settlement Agreement and the Felipe Stipulation of Settlement. In the case of the Settlement Agreement, Plaintiffs' counsel will disburse the settlement payments to the Named Plaintiffs and Class Members within five (5) business days of their receipt from Defendants.

26. Without affecting the finality of this Final Approval Order, the Court retains jurisdiction over this case to administer, supervise, construe, and enforce the Settlement Agreement and the Felipe Settlement Agreement in accordance with their terms for the mutual benefit of the parties. The parties shall abide by all terms of the Settlement Agreement and the Felipe Stipulation of Settlement, which are incorporated herein and hereby "so ordered," as well

9

as this Final Approval Order.

27. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Approval Order be, and hereby is, entered as a final order of the Court.

28. This Final Approval Order resolves docket numbers 112, and 113. The case (including any and all claims of Jose Felipe) is dismissed with prejudice, and the Clerk is respectfully requested to close these motions and to close this case.

Dated: New York, New York
       July 27, 2015

So Ordered:

_____
Hon. Michael H. Dolinger
United States Magistrate Judge